UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF GEORGIA

IN RE:
WILLIE WILLIAMS, JR.
DEBTOR                                    CHAPTER 13
Last Four Digits of SS# 7898              CASE NO.

## CHAPTER 13 PLAN

1. The future earnings of the debtor(s) are submitted to the supervision and control of the trustee and the debtor(s) (or the debtor's(s') employer) shall pay to the trustee the sum of $ 311.00 monthly on _____, 2014.

2. From the payments so received, the trustee shall make disbursements as follows:

(a) The trustee percentage fee as set by the United States Trustee.

(b) The monthly payments will be made on the following long-term debts: (Payments which become due after the filing of the petition but before the month of the first payment designated here will be added to the pre-petition arrearage claim.)

| NAME OF CREDITOR | MONTH OF FIRST PAYMENT UNDER PLAN | MONTHLY PAYMENT AMOUNT |
|---|---|---|
| NONE | | |

(c) Pre confirmation adequate protection payments will be made to the following secured creditors and holders of executory contracts made after the filing of a proof of claim by the creditor. These payments will be applied to reduce the principal of the claim.

| NAME OF CREDITOR | ADEQUATE PROTECTION AMOUNT |
|---|---|
| CASH FREE AUTO SALES | $ 50.00 MO. |

(d) The following claims are not subject to cram down because debts are secured by a purchase money security interest in a vehicle for which the debt was incurred within 910 days of filing the bankruptcy petition, or, if the collateral for the debt is any other thing of value, the debt was incurred within one year of filing. See §1325(a)

| NAME OF CREDITOR | AMOUNT DUE | INTEREST RATE | VALUE | COLL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| CASH FREE AUTO SALES | $4,848.00 | 4.5% | $4,300.00 | 2001 Isuzu | $ 144.21 |

(e) After confirmation of the plan, the secured creditors with allowed claims will be paid as

follows:

| NAME OF CREDITOR AMOUNT | AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL | MONTHLY PAYMENT |
|---|---|---|---|---|---|
| | N/A | | | | |

(f) Attorney fees ordered pursuant to 11 U.S.C.§507(a)(2) of $ 175.00 per hour to be paid as follows:

PURSUANT TO ADMINISTRATIVE ORDER:

FEES BASED ON ITEMIZED APPLICATION -INITIAL APPLICATION SENT TO TRUSTEE AT CONFIRMATION

(g) After the above are paid, distributions will be made to cure arrearage and other secured debts whose claims are duly proven and allowed as follows:

| NAME OF CREDITOR | ESTIMATED AMOUNT DUE | VALUE | INTEREST RATE | COLLATERAL |
|---|---|---|---|---|
| Wells Fargo Home Mort. | $2,500.00 | $91,000.00 | 0% | home |

(h) The following collateral is surrendered to the creditor:

| NAME OF CREDITOR | DESCRIPTION OF COLLATERAL |
|---|---|
| NONE | |

(i) The following domestic support obligations will be paid over the life of the plan as follows: (These payments will be made simultaneously with payment of the secured debt to the extent funds are available and will include interest at the rate of _____%. (If this is left blank, no interest will be paid.)

| NAME OF CREDITOR | PAYMENT AMOUNT |
|---|---|
| NONE | |

(j) The following unsecured claims are classified to be paid at 100%. These payments will/will not be made simultaneously with payment of the secured debt:   NONE

(k) All other 11 U.S.C. §507 priority claims, unless already listed under 2(g), will be paid in full over the life of the plan as funds become available in the order specified by law.

(l) The debtor(s) will be the disbursing agent on the following debts: WELLS FARGO HOME MORTGAGE FOR HOME LOAN AND OKINUS FOR FURNITURE LEASE.

(m) Special provisions:
    1-Property of the estate shall not re-vest in Debtor upon confirmation
    2-Creditors may continue to mail customary notices or coupons to Debtor(s) or Trustee

notwithstanding the automatic notice.

3-Any property being surrendered under (h) is being surrendered in full satisfaction of he debt.

4-Confirmation of the case will constitute a finding that all requirements of Section 521 have been complied with.

(n) Debtor(s) will make payments that will meet all of the following parameters (these are not cumulative, debtor(s) will pay the highest of the three.)

   *(i)* Debtor will pay all of his disposable income as shown on Form B22C of NONE to the non priority unsecured creditors in order to be eligible for a discharge.

   *(ii)* If the Debtor(s) filed a Chapter 7 case the priority and other unsecured creditors would receive NONE  Debtor will pay this amount to the priority and unsecured creditors in order to be eligible for discharge in this case.

   *(iii)* The Debtor(s) will pay NONE to the general unsecured creditors to be distributed pro-rata.

(o) General unsecured creditors whose claims are duly proven and allowed will be paid (choose one only.)

   (a) 0 % dividend as long as this dividend exceeds the highest amount, if any, shown in paragraph (n) (i), (n)(ii), or (n)(iii), and the Debtor(s) pay(s) in at least 36 monthly payments to be eligible for a discharge.

   (b) the debtor(s) will make payments for N/A  months and anticipates a dividend of N/A but will also exceed the highest amount shown in paragraph (n)(i), (n)(ii) or (n)(iii) above.

(p) Unless otherwise ordered by the court, all property of the estate, whether in the possession of the trustee or the debtor, remains property of the estate subject to the court's jurisdiction, nothwithstanding §1327(b), except as otherwise provided in paragraph (m) above.  Property of the estate not paid to the trustee shall remain in the possession of the debtor. All property in the possession and control of the debtor at the time of confirmation shall be insured by the debtor. The Chapter 13 trustee will not and is not required to insure such property and has no liability for injury to any person, damage or loss to any such property in possession and control of the debtor or other property affected by property in possession and control of the debtor.

(q) Not withstanding the proposed treatment or classification of any claim in the plan confirmed in this case, all lien avoidance actions or litigation involving the validity of liens or preference actions will be reserved and can be pursued after confirmation of the plan. Successful lien avoidance or preference actions will be grounds for modification of the plan.

Date 10-20-14

_____
Willie Williams, Jr. Debtor: